**EASTMAN KODAK CO. v. COE, Com'r of Patents.**

Civil Action No. 6078.

District Court of United States for the District of Columbia.

June 4, 1941.

Clarence M. Fisher, of Washington, D. C., and N. M. Perrins and Daniel I. Mayne, both of Rochester, N. Y., for plaintiff.

W. W. Cochran, Sol. of Patent Office, and C. W. Moore, both of Washington, D. C., for defendant.

BAILEY, District Judge.

The chief ground upon which the Board of Appeals of the Patent Office denied the allowance of the claim sought by the plaintiff was that the product claimed was anticipated by an article described in a publication written by König. König gave a general formula for certain dye stuffs as follows:

He also stated that instead of Y a cycloseleno group might occur.

In the plaintiff's product selenium takes the place of Y and n equals three.

König does not state that he has produced such a product as the plaintiffs but in effect states that such a product may exist as a dye.

I think that the production of a new chemical compound, even though some one has stated that such a compound may exist is an invention within the meaning of the patent laws and that the plaintiff is entitled to the relief sought.

Findings of Fact.

I. This is an action under R.S. § 4915, 35 U.S.C.A. § 63. The plaintiff, the Eastman Kodak Company, is the sole owner of the entire right, title and interest in an application for United States Letters Patent of Leslie G. S. Brooker, for improvements in Selenotricarbocyanine Dyes filed in the United States Patent Office on March 3, 1936, Serial No. 66,859, a division of application Serial No. 651,870, filed January 16, 1933, and the improvements disclosed and claimed therein.

II. The defendant, Conway P. Coe, is Commissioner of Patents of the United States.

III. The complaint alleges that the defendant, by a decision of the Board of Appeals of the United States Patent Office dated September 16, 1939, and supplemented, upon request for reconsideration, by a decision dated October 3, 1939, has refused to grant to plaintiff on the aforesaid application Letters Patent of the United States containing twelve claims of which the following three are typical:

13. A selenotricarbocyanine salt.

4. A 2, 2'-dialkylselenotricarbocyanine salt.

7. A selenotricarbocyanine salt of the following structure:

$$\text{A}\underset{\underset{R}{|}}{\overset{Se}{\diagdown}}C \cdot CH - CH \cdot CH - CH \cdot CH - CH \cdot CH - C \overset{Se}{\underset{R \diagdown X}{\diagup}} A$$

wherein A represents a phenylene group, R represents an alkyl group and X represents an acid radical.

IV. The answer to the complaint states that the defendant refused to grant Letters Patent of the United States to the plaintiff on the ground that none of the aforesaid twelve claims defines subject matter which the defendant regarded as patentable over the following references:

| | | |
|---|---|---|
| König | 1,524,791 | February 3, 1925 |
| Wahl | 1,863,679 | June 21, 1932 |
| White | 1,990,681 | February 12, 1935 |
| Hamer, British | 351,555 | June 29, 1931 |
| Hamer, British | 354,826 | August 19, 1931 |

Mills and Hamer, "Journal Chemical Society," 1920, page 1557,
König, "Berichte," 57, page 685,
Clarke, "Journal Chemical Society," 1928, pages 2314, 2318 and 2319,
Phot. Journal of Great Britain, January 1928, pages 24–27.

V. The defendant relied chiefly upon the König "Berichte" reference, the Board of Appeals holding by its supplemental decision dated October 3, 1939 that: "It is our view that a reasonably definite disclosure of the formula of the product is a sufficient anticipation of product claims."

VI. The König "Berichte" reference contains the following formula:

$$C \cdot (CH:CH)_n \cdot CH:C$$

wherein n may have the values 0, 1, 2, 3, etc. and Y may have several different values, including a cyclo-seleno group.

VII. In the plaintiff's product, selenium takes the place of Y and n equals 3. König, however, does not state that he has produced such a product as the plaintiff's, but in effect only states that such a compound may exist. König makes no other statement concerning the applicant's product.

VIII. The references, in addition to the König "Berichte" reference relied upon by the defendant, do not contain a description of the plaintiff's product or of a process for preparing the plaintiff's product.

### Conclusions of Law.

I. The production of a new group of chemical compounds, even though some one has stated that such a group of compounds may exist, may be an invention within the meaning of the patent laws.

II. Claims 4 to 15, inclusive, contained in the Brooker application Serial No. 66,859, filed March 3, 1936, define subject matter which is patentable over the references relied upon by the defendant and plaintiff is entitled to the issuance of a patent containing these claims.